# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2022

Lyle W. Cayce
Clerk

No. 20-61120
Summary Calendar

Hieu L. Nguyen,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 593 848

Before Wiener, Dennis, and Haynes, *Circuit Judges.*

Per Curiam:*

Petitioner Hieu L. Nguyen is a native and citizen of Vietnam who petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61120

Torture. He contends that the BIA erred in affirming the IJ's adverse credibility determination.

When the IJ's ruling affects the BIA's decision, as it does here, we review the decisions of both the BIA and the IJ. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Credibility determinations are factual findings reviewed for substantial evidence. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). We will defer to an IJ's finding "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (quoting *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009)). "In other words, we will not reverse a credibility determination unless the evidence compels it." *Id.*

The BIA relied on the implausibility of Nguyen's testimony, the lack of corroborating evidence, and the inconsistency in the presented evidence to affirm the IJ's decision. The reasons for finding Nguyen not credible were cogent, derived from the record, and substantially reasonable under the totality of the circumstances. The BIA was not required to accept Nguyen's explanation for not contacting his friend and not providing statements from his family members to corroborate his claims. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 437 (5th Cir. 2020). Nguyen has not established that the evidence compels us to conclude that the BIA erred in affirming the adverse credibility finding. *See Singh*, 880 F.3d at 225. As well, Nguyen fails to show that the other evidence commands a different outcome on the CAT claim.

His petition for review, therefore, is DENIED.

2